UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FELICIA PEARSON,**<br><br>Plaintiff,<br><br>v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>Defendant. | MASTER FILE: 07-CV-5581<br>(WJM)<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

James Langton
Langton & Alter, Esqs.
2096 St. Georges Avenue
PO Box 1798
Rahway, NJ 07065

(*Counsel for Plaintiff*)

Stephen Patrick Conte
Social Security Administration
26 Federal Plaza
Room 3904
New York, NY 10278

(*Counsel Defendant*)

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Felicia Pearson seeks review of a final decision of the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits and Supplemental Security Income payments. Pearson asserts that the ALJ erred at step two of the five-step Social Security analysis in determining that Pearson's

collective impairments were not severe and that Pearson was thus not disabled. The Court, however, holds that these findings are supported by substantial evidence. Accordingly, the Commissioner's decision is **AFFIRMED**.

I.   **FACTS AND PROCEEDINGS**

Pearson alleges disability due to vision impairment, asthma, and depression. Pearson claims that she lacks the physical and mental capacities necessary for her to remain gainfully employed.

Pearson filed concurrent applications for both Disability Insurance Benefits and Supplemental Security Income. The ALJ found at step two of the five-step social security analysis that Pearson's combined impairments were not severe. (R. 20–22.) In doing so, the ALJ made, inter alia, the following three findings: (1) that Pearson did not suffer from a severe vision impairment lasting at least twelve months, (2) that Pearson's asthma and depression were not jointly severe, and (3) that Pearson's subjective complaints to the contrary were not supported by adequate medical evidence. (R. 20–22.)

Pearson now requests review of the ALJ's decision. Specifically, Pearson challenges the ALJ's three determinations listed above.

II.   **STANDARD OF REVIEW**

This Court must affirm all factual findings of the Commissioner's decision that are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is such evidence that a "reasonable mind might accept as adequate to support a conclusion."

2

Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  This Court is not, however, empowered to "weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

### III.   DISCUSSION

The Social Security Administration has promulgated a five-step evaluation process to determine whether a claimant is disabled.  Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004); see 20 C.F.R. § 404.1520.  If a claimant is found not disabled at any step of the process, the evaluation does not proceed to the following steps.  § 416.920(a)(4).

The five-step evaluation process is as follows.  First, if the claimant is currently engaged in substantial gainful activity, she is not disabled.  § 404.1520(a)(4)(i).  Second, if a claimant does not suffer from a "severe" impairment or combination of impairments, she is not disabled.  § 404.1520(a)(4)(ii).  A severe impairment or combination of impairments are impairments that limit the claimant's physical or mental capacity to engage in basic work activities.  20 C.F.R. § 416.020(5)(c).  Third, if the claimant suffers from an impairment listed in appendix 1 of 20 C.F.R. part 404, subpart P, she is disabled. § 404.1520(a)(4)(iii).  Fourth, if the claimant retains the "residual functional capacity" ("RFC") to perform her past relevant work, she is not disabled.  § 404.1520(a)(4)(iv). Fifth, and finally, if the claimant retains the RFC to perform other work available in the national economy, she is not disabled.  § 404.1520(a)(4)(v).

The ALJ found at step two that Pearson did not suffer from a severe combination of impairments. Specifically, the ALJ found that Pearson's vision, asthma, and mental impairments did not have more than a minimal effect on Pearson's ability to work. Accordingly, the ALJ concluded that Pearson was not disabled. (R. 20–22.)

Pearson argues that the ALJ erred in three ways: (1) by determining that Pearson's vision impairment did not last for twelve months and thus could not be considered in determining whether she had a severe combination of impairments, (2) by determining that Pearson's asthma and depression did not constitute a severe combination of impairments, and (3) by refusing to credit Pearson's subjective testimony to the contrary.[1]

### A. Substantial Evidence Supports the ALJ's Determination that Pearson Did Not Have a Vision Impairment Lasting at Least Twelve Months

Pearson claims that the ALJ lacked substantial evidence to support his finding that Pearson's vision impairment did not last at least twelve months and thus could not be considered when determining whether Pearson had a severe combination of impairments. The Court disagrees.

To establish disability, an impairment must have lasted or be expected to last for a

---

[1] Pearson makes an additional, fourth argument that the Court finds incoherent and wholly without merit. Pearson notes that she is five feet three inches tall and weighs eighty-nine pounds, and she claims that she is thus presumptively disabled. (Br. in Supp. of Pl. 23.) To support this proposition, she cites section 5.08 of appendix 1 of 20 C.F.R. part 404, subpart P. (Br. 23.) But this section discusses the presumptive effect of weight loss "due to any digestive disorder." Pearson does not allege that she suffers from a digestive disorder, so this section is completely inapplicable.

4

continuous period of at least twelve months. 20 C.F.R. § 416.909. When assessing concurrent impairments, the combined effect of those impairments must also be expected to be severe for a period of at least twelve months. 20 C.F.R. § 416.922(b).

Here, substantial evidence supported the ALJ's determination that Pearson's vision impairment did not last for the twelve month period that Pearson claimed, from February 2004 to February 2005. For example on October 6, 2004, a examining physician, Dr. Fernando, stated that although Pearson's eyesight in her left eye was poor, her right eye was normal and she suffered no overall vision impairment. (R. 140–41.) Specifically, Dr. Fernando concluded that Pearson's eyesight with corrective lenses was "20/25."[2] (R. 140–41.) This is sufficient evidence for a reasonable mind to accept the conclusion that Pearson did not continuously suffer from a severe—or indeed any—vision impairment throughout the claimed twelve-month period. Accordingly, the ALJ's decision that she did not was supported by substantial evidence.[3]

**B.     Substantial Evidence Supports the ALJ's Determination That**

---

[2]This fractional description of eyesight quality is called "visual acuity." In this visual-acuity fraction, the numerator represents to the distance from which the subject can reliably distinguish a pair of objects that would be reliably distinguishable by a normal person standing a distance away represented by the denominator. Wikipedia, Visual Acuity, http://en.wikipedia.org/wiki/visual_acuity (last visited July 9, 2008). Thus a person has 20/20 vision if she can reliably distinguish, at a distance of twenty feet, two objects that can also be reliably distinguished at a distance of twenty feet by a person with normal vision. Id.

[3]Pearson emphasizes evidence that she had poor eyesight in her left eye (Br. 24; R. 171), but as explained above Pearson's vision using both eyes was generally unimpaired, so the Court finds Pearson's evidence of little moment.

### Pearson's Asthma and Depression Did Not Constitute a Severe Combination of Impairments

Pearson argues that the ALJ lacked substantial evidentiary support for its determination that her asthma and depression did not constitute a severe combination of impairments. The Court disagrees.

As discussed above, step two of the sequential evaluation process provides that if a claimant does not suffer from a "severe" impairment, then she is not disabled. § 404.1520(a)(4)(ii). When a plaintiff asserts multiple impairments to support her disability, the court must consider the combined effect of all of the impairments "without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 416.923.

To be severe, a combination of impairments must limit the claimant's physical or mental capacity to engage in basic work activities. 20 C.F.R. 416.921(a). Basic work activities are those requiring the "abilities and aptitudes necessary to do most jobs." § 416.921(b). These abilities include physical tasks such as walking, standing, sitting, lifting, seeing, hearing, and speaking. § 416.921(b)(1)–(2). Basic work activities also include vocational tasks such as following instructions, exercising judgment, and responding appropriately to supervision. § 416.921(b)(3)–(6). In sum, a non-severe impairment has no more than a minimal effect on the ability to work." <u>Jakubowski v. Comm'r Soc. Sec.</u>, 131 F. App'x 341, 343 (3d Cir. 2005).

Here, substantial evidence supports the ALJ's determination that Pearson's asthma

6

had no more than a minimal effect on her ability to work and was thus not severe. For example, Dr. Fernando reported that Pearson has an average of only three episodes of asthma each month and that these are minor and do not require hospitalization. (R. 140.) Moreover, Dr. Fernando also opined that Pearson's chest and lungs appeared normal. (R. 140–48.) Accordingly, substantial evidence supports the ALJ's determination that Pearson's asthma was not severe.

Substantial evidence also supports the ALJ's determination that Pearson's depression had no more than a minimal effect on her ability to work. For example, an October 6, 2004, examination by consultative psychologist Dr. Moorehead found that Pearson possessed most of the fundamental physical and vocational aptitudes necessary to perform basic work activities. (R. 138.) Also, a state agency examiner, Dr. Kudler, found that Pearson was no more than mildly limited in her functional capacities as a result of her depression. (R. 150, 160.) Dr. Kudler also directly stated that, "there does not seem to be significant problems in terms of the claimant's psychiatric condition." (R. 165.) Thus substantial evidence supports the ALJ's determination that Pearson's depression was not severe.

Nor did Pearson's asthma and depression appear to constitute a severe combination of impairments. Rather, the record as a whole suggests that Pearson's asthma and depression were mild conditions that did not impede her ability to perform basic work activities. Accordingly, the ALJ's determination that Pearson's collective

impairments were not severe was supported by substantial evidence.

> **C. Substantial Evidence Supports the ALJ's Determination to Discredit Pearson's Subjective Testimony**

Pearson argues that the ALJ erred by discrediting her subjective testimony of pain and disability. The Court disagrees.

Generally, the plaintiff, "bears the burden of demonstrating that her subjective complaints were substantiated by medical evidence." Alexander v. Shalala, 927 F. Supp. 785, 795 (D.N.J. 1995). Even mere inconsistencies in a claimant's testimony or daily activities permit an ALJ to conclude that some or all of the claimant's testimony about her limitations or symptoms is less than fully credible. See Burns v. Barnhart, 312 F.3d 113, 129–30 (3d Cir. 2002).

Here, Pearson made inconsistent assertions and verbal exaggerations that justified the ALJ's decision to discredit her subjective complaints. For example, Pearson first claimed her asthma was a childhood condition that had not required hospitalization for many years. (R. 140.) She later testified, however, that she visited the hospital every few months due to an attack. (R. 144.) Also, Pearson initially reported that she was capable of independently grooming herself and performing household tasks. (R. 138.) However, she later contradicted this testimony by claiming she was unable to perform these same household tasks without assistance. (R. 457.) Pearson's subjective testimony was both self-contradictory and lacking evidentiary support. Accordingly, substantial evidence supported the ALJ's decision to discredit this subjective testimony.

## IV. CONCLUSION

Substantial evidence supports the ALJ's finding that Pearson did not suffer from a severe combination of impairments and is thus not disabled.  Accordingly, the Commissioner's decision denying Pearson Disability Insurance Benefits and Supplemental Security Income is **AFFIRMED**.  An Order accompanies this Opinion.


                                    s/ William J. Martini
                                    William J. Martini, U.S.D.J.